IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIM McCLOUD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No.: 06-216-BH-C |
| ) | |
| JOHN E. POTTER ) | |
| ) | |
| Defendant ) | |

**ORDER**

This matter is before the Court on Defendant's Motion (Doc. 6) requesting a more definite statement and to strike or dismiss and limit Plaintiff's demand for certain damages. Based on the pleadings before us, the Court finds Defendant's Motion for a more definite statement is **due to be DENIED**.

Defendant has enumerated several paragraphs from the Complaint which they deem supportive of their allegation of insufficiency. The Court, however, believes that these specific concerns do not change the fact that Plaintiff has clearly proffered claims of race, sex and disability discrimination and retaliation for EEO activity resulting from her denial of limited duty requests on March 14, March 29 and May 11, 2005. (Doc. 1, ¶13). Though, the Court notes, the Complaint could have been more clearly constructed, it is not deficient under the requirements of Fed.R.Civ.P. 8(a). Further, the Court also finds that all of Defendant's noted contentions with the Complaint can be easily and more properly resolved during discovery. Therefore, Defendant's Motion (Doc. 6) for a more definite statement is **hereby DENIED**.

Defendants also submit that Plaintiff's claims for punitive damages under Title VII, the ADA and the Rehabilitation Act of 1973 (hereinafter, "Rehab Act") are not statutorily provided for.

Therefore, the Court further **ORDERS** that Plaintiff **SHOW CAUSE on or before July 10, 2006** as to why her prayer for punitive damages on these claims should not be dismissed.

    **So ORDERED**, this 21st day of June, 2006.

                                               s/ W. B. Hand
                                      SENIOR DISTRICT JUDGE